# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| BIG LEAGUE CHEW PROPERTIES, LLC, and THE ROB NELSON COMPANY, INC., <br><br> Plaintiffs, <br><br> v. <br><br> FORD GUM & MACHINE COMPANY, INC., <br><br> Defendant. | Case No. 1:24-cv-11837 <br><br> Honorable Franklin U. Valderrama |
| FORD GUM & MACHINE COMPANY, INC., <br><br> Counterclaimant, <br><br> v. <br><br> BIG LEAGUE CHEW PROPERTIES, LLC, and THE ROB NELSON COMPANY, INC., <br><br> Counter-defendants. | |

**DEFENDANT AND COUNTERCLAIMANT FORD GUM & MACHINE COMPANY, INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant and Counterclaimant Ford Gum & Machine Company, Inc. ("Defendant" or "Ford Gum") hereby moves the Court for judgment on the pleadings against Plaintiffs and Counter-Defendants Big League Chew Properties, LLC and The Rob Nelson Company, Inc. (together, "Plaintiffs" or "BLC"), on the following claims for relief in Plaintiffs' Complaint:

| Claim | Basis to Grant Judgment on the Pleadings in Favor of Ford Gum |
|---|---|
| Plaintiffs' First Claim for Relief for Trade Dress Infringement Under 15 U.S.C. § 1125(a) | Claims under the Lanham Act such as the First through Third Claims for Relief in the Complaint require pleading and proof that use of the trademark at issue was without authorization. *Abitron Austria GmbH v. Hetronic Int'l, Inc.*, 600 U.S. 412, 412 (2023). Plaintiffs have not pleaded those essential elements. |
| Plaintiffs' Second Claim for Relief for Unfair Competition and False Designation of Origin Under 15 U.S.C. § 1125(a) | Plaintiffs' claims are not supported by sufficient facts showing that Defendant used any trade dress on any product without authorization. |
| Plaintiffs' Third Claim for Relief for Dilution Under 15 U.S.C. § 1125(c) | Plaintiffs admit to having "an excellent working relationship" with Defendant from 2010 to May 2022. (ECF 1, PageID 10, ¶ 55; ECF 1, PageID 14, ¶ 76.) |
| | But Plaintiffs' Complaint does not provide any facts showing that Defendant is selling any brand of product without Plaintiffs' consent that competes with sales of Plaintiffs' BIG LEAGUE CHEW brand. Plaintiffs' Complaint merely alleges that Ford Gum has sold "infringing goods," (ECF 1, PageID 30, ¶ 163), but states nothing more. The Complaint does not identify any such goods in any way. For example, Plaintiffs do not identify any brand name of any allegedly infringing good, or provide any image of the packaging of any such product. Plaintiffs' naked claim is merely a formulaic recitation of labels and conclusions that are not plausible under *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Swanson v. Citibank, N.A.*, 614 F.3d 400 (7th Cir. 2010) (applying *Twombly*). |

| Claim | Basis to Grant Judgment on the Pleadings in Favor of Ford Gum |
|---|---|
| Plaintiffs' Fourth Claim for Relief for State Common Law Trademark and Trade Dress Infringement | This claim requires pleading and proof that use of the trademark at issue was without authorization. 765 Ill. Comp. Stat. Ann. 1040/3. Plaintiffs have not pleaded those essential elements.<br><br>Plaintiffs' claims are not supported by sufficient facts and are therefore not plausible under *Twombly*, *Iqbal*, and *Swanson*. |
| Plaintiffs' Fifth Claim for Relief for State Common Law Trademark Dilution | This claim requires pleading and proof that use of the trademark at issue was without authorization. 765 Ill. Comp. Stat. Ann. 1036/65. Plaintiffs have not pleaded those essential elements.<br><br>Plaintiffs' claims are not supported by sufficient facts and are therefore not plausible under *Twombly*, *Iqbal*, and *Swanson*. |
| Plaintiffs' Sixth Claim for Relief for Deceptive Trade Practices Under 815 I.L.C.S. § 510 | This claim requires pleading and proof that use of the trademark at issue was without authorization. 815 I.L.C.S. § 510; *SME Rest. Grp., Inc. v. Original Triple Crown Rest., Inc.*, 2016 IL App (1st) 153085-U (Dec. 7, 2016). Plaintiffs have not pleaded those essential elements.<br><br>Plaintiffs' claims are not supported by sufficient facts and are therefore not plausible under *Twombly*, *Iqbal*, and *Swanson*. |
| Those portions of Plaintiffs' Seventh Claim for Relief, for breach of the License Agreement, set forth in ¶¶ 214 "a" through "e" and "l" through "o" of the Complaint (ECF 1, PageID 37-38) | To state a breach of contract claim under the governing Delaware law, Plaintiffs must plead (1) the existence of a contract, (2) the breach of a contractual obligation and (3) a resultant damage. *In re P3 Health Grp. Holdings, LLC*, No. 2021-0518-JTL, 2022 WL 16548567, at \*9 (Del. Ch. Oct. 31, 2022).<br><br>Plaintiffs have not pleaded the second element, breach of a contractual obligation.<br><br>The Complaint alleges no factual basis for any of these claims in Paragraph 214 alleging:<br><br>"a" failure to pay royalties;<br><br>"b" failure to use best efforts to sell products; |

| Claim | Basis to Grant Judgment on the Pleadings in Favor of Ford Gum |
|---|---|
| | "c" using Plaintiffs' Trademarks and Trade Dress in a manner that violates the terms of the License Agreement<br><br>"d" infringing on Plaintiffs' Trademarks and Shredded Gum Trade Dress<br><br>"e" failing to provide reports as required by the License Agreement<br><br>"l" failing to cooperate with Plaintiffs in facilitating Plaintiffs' control of the nature and quality of the Licensed Products<br><br>"m" using Plaintiffs' Trademarks and Trade Dress in advertising beyond the reproduction and promotion of the Licensed Products<br><br>"n" utilizing the equipment purchased from Plaintiff TRNC for products other than the Licensed Products<br><br>"o" competing with Plaintiffs by, among other things, offering for sale and selling shredded bubble gum<br><br>These claims are merely formulaic recitations of labels and conclusions that are not plausible. *Twombly*, *supra*, 550 U.S. at 555-56 (mere "labels," "conclusions," or "formulaic recitation[s] of the elements of a cause of action" are insufficient to state a claim). |
| Those portions of Plaintiffs' Seventh Claim for Relief, for breach of the License Agreement, set forth in ¶¶ 214 "f" – "k" of the Complaint (ECF 1, PageID 37-38) | These claims in Paragraph 214 of the Complaint ignore the terms of the License Agreement and are not plausible:<br><br>"f" failure to acknowledge that Plaintiffs own "all right, title, and interest in and to the Trademarks and Trade Dress;<br><br>"g" failure to ensure that all use of the Trademarks and Trade Dress and the goodwill symbolized by the Trademarks and Trade Dress inure to the benefit of Plaintiffs;<br><br>"h" using Plaintiffs' Trademarks and Trade Dress in a manner that violates the terms of the License Agreement;<br><br>"i" "claiming a right, title and interest" in Plaintiffs' "Trademarks and Trade Dress";<br><br>"j" attempting to acquire a right, title and interest in the Shredded Gum Trade Dress; (*Id*. at ¶ 214 "j") |

-3-

| Claim | Basis to Grant Judgment on the Pleadings in Favor of Ford Gum |
|---|---|
|  | "k" "applying to register in its own name" the Shredded Gum Trade Dress. |
| Plaintiffs' Eighth Claim for Relief for breach of the Equipment Purchase Agreement | This claim is identical to Plaintiffs' Seventh Claim for Relief and should be dismissed for the same reasons. It is not supported by sufficient facts and is therefore not plausible under *Twombly*, *Iqbal*, and *Swanson*. |
| Plaintiffs' Ninth Claim for Relief for an Accounting | This claim alleges that "The License Agreement requires Ford Gum to preserve all books and records and make them available to [Plaintiffs] for inspection and audit." (ECF 1, ¶ 224.) <br><br>The Complaint does not allege the second essential element of a breach of contract claim, breach of a contractual obligation. There is no allegation that Ford Gum failed to preserve all books and records and/or that Ford Gum failed to make them available to Plaintiffs for inspection and audit. <br><br>This claim is not supported by sufficient facts and is therefore not plausible under *Twombly*, *Iqbal*, and *Swanson*. |

WHEREFORE, Ford Gum prays that the Court enter a judgment in favor of Defendant / Counterclaimant Ford Gum and against Plaintiffs / Counter-Defendants consistent with the above.

Moving party, Ford Gum, contacted counsel for Plaintiffs by email on January 13, 2025 to inform them about this motion for judgment on the pleadings, and to ask if they intended to oppose it.

On January 13, 2025, counsel for Plaintiffs / Counter-Defendants stated that they intend to oppose. (ECF 49, PageID 1713 ("Plaintiff will oppose a motion for judgment on the pleadings").)

Dated:  February 7, 2025              Respectfully submitted,

                                                  SHEPPARD MULLIN RICHTER & HAMPTON LLP

                                                  By          */s/ Laura L. Chapman*
                                                          LAURA L. CHAPMAN

                                                  Attorneys for Defendant and Counterclaimant
                                                  FORD GUM & MACHINE COMPANY, INC.

BRADLEY C. GRAVELINE
Ill. Bar No. 6203817
321 North Clark Street, 32nd Floor
Chicago, IL  60654
Email: bgraveline@sheppardmullin.com
Telephone: (312) 499-6316

LAURA L. CHAPMAN (admitted *pro hac vice*)
Cal. Bar No. 167249
350 South Grand Avenue, 40th Floor
Los Angeles, CA 90071
Email: lchapman@sheppardmullin.com
Telephone: (213) 617-4125

SOFYA ASATRYAN (admitted *pro hac vice*)
Cal. Bar No. 327482)
12275 El Camino Real, Suite 100
San Diego, CA 92130
Email: sasatryan@sheppardmullin.com
Telephone: (858) 720-8900

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on February 7, 2025, she caused a true and correct copy of the foregoing document to be filed electronically with the Clerk of the Court and served on all counsel of record.

/s/ *Laura L. Chapman*